

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00523-CV

Leticia R. **BENAVIDES**,
Appellant

v.

Carlos **BENAVIDES**, III, Tomas Benavides and Ana B. Galo,
as Co-Trustees of the Benavides Family Mineral Trust,
Appellees

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2012CVQ000427-D4
Honorable Oscar (O.J.) Hale, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:     Catherine Stone, Chief Justice
             Karen Angelini, Justice
             Rebeca C. Martinez, Justice

Delivered and Filed:  October 8, 2014

AFFIRMED

The dispositive issue in this appeal, "whether income distributions paid to Carlos [Y. Benavides, Jr.] from a family trust are his separate property or are community property," has previously been decided by this court in *Benavides v. Mathis*, 433 S.W.3d 59, 62 (Tex. App.—San Antonio 2014, pet. filed).  Because this court's holding, that the distributions are Carlos's separate property, is law of the case, we affirm the trial court's judgment.

## BACKGROUND

This court's prior opinion sets forth the relevant background facts as follows:

> Leticia [R. Benavides] is the wife of Carlos Y. Benavides, Jr. There are no children from their marriage; however, Carlos has three adult children from his first marriage. Years before Carlos and Leticia's marriage, the Benavides Family Mineral Trust was created, in 1990, to hold in trust, manage, and control approximately 126,000 acres of mineral estate for its beneficiaries. Carlos, who is one of several participating beneficiaries under the trust, receives monthly payments of the net balance (after payment of certain expenses) of revenues from the trust estate.
> On October 14, 2011, a Webb County Court at Law appointed [Shirley Hale] Mathis as temporary guardian of Carlos's person and estate. Subsequently, Mathis notified the trust's co-trustees of her appointment and demanded that all funds distributable to Carlos be distributed to her. In February 2012, counsel for Leticia wrote to the co-trustees asking that they deliver to Leticia one-half of all distributions owed to Carlos on the grounds that all trust distributions during the marriage were community property; thus, one-half of the distributions were owed to her. The co-trustees refused. About a month later, counsel for Leticia then made the same demand of Mathis. Mathis refused, and Leticia filed the underlying lawsuit.

*Id*.

In this appeal, Leticia challenges the trial court's orders granting summary judgment in favor of Carlos Y. Benavides, III, Tomas Benavides, and Ana B. Galo, who are the co-trustees of the trust.[1] In its first order, the trial court granted summary judgment with regard to Leticia's claim against the co-trustees for breach of fiduciary duty and dismissed the claim. In its second order, the trial court granted summary judgment with regard to the co-trustees' claim for declaratory relief, finding as a matter of law that all distributions of income from the trust constituted Carlos's separate property.

---

[1] In the prior appeal, we affirmed a summary judgment in favor of Mathis which had been severed from the claims in the underlying lawsuit against the co-trustees to make the summary judgment in favor of Mathis final and appealable. *Id*. at 62 & n.1.

**DISCUSSION**

Leticia's breach of fiduciary duty claim was premised on her contention that she was entitled to receive one-half of Carlos's income distributions from the trust because those distributions were community property. As previously noted, however, this court already held that those distributions are Carlos's separate property. *Id.*; *see also Benavides v. Mathis*, No. 04-13-00270-CV, 2014 WL 1242512, at *2 (Tex. App.—San Antonio Mar. 26, 2014, pet. filed) (mem. op.) (affirming summary judgment in a related appeal based on prior holding). In reaching that holding, this court rejected each of the arguments raised in Leticia's brief contending that the distributions are community property. *Benavides*, 433 S.W.3d at 63-66.

"Under the law of the case doctrine, a court of appeals is ordinarily bound by its initial decision if there is a subsequent appeal in the same case; but a determination to revisit an earlier decision is within the discretion of the court under the particular circumstances of each case." *Gotham Ins. Co. v. Warren E & P, Inc.*, No. 12-0452, 2014 WL 1190049, at *3 n.8 (Tex. Mar. 21, 2014). Under the circumstances of this case, we decline to exercise our discretion to revisit our earlier decision. *See id.*

**CONCLUSION**

Because the income distributions paid to Carlos from the trust are Carlos's separate property, the trial court's judgment is affirmed.

Catherine Stone, Chief Justice